IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|   |   |
|---|---|
| LUIS IRIGOYEN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:23-CV-0228-D |
| VS. § | |
| § | |
| HUDSON HOUSE LAKEWOOD, LLC, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Hudson House Lakewood, LLC ("Hudson House") moves under Fed. R. Civ. P. 12(c) for partial judgment on the pleadings dismissing the race discrimination claim of plaintiff Luis Irigoyen ("Irigoyen") brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.  For the reasons that follow, the court grants the motion but allows Irigoyen to replead.

I

Irigoyen, who is of Hispanic descent, was employed as a bartender at Hudson House restaurant on Abrams Road until his employment was terminated.[1]  Most of the allegations

---

[1]The court recounts the background facts favorably to Irigoyen as the nonmovant.  In deciding a Rule 12(c) motion—as in deciding a Rule 12(b)(6) motion—"[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (addressing Rule 12(b)(6) standard)).

in Irigoyen's complaint and his Charge of Discrimination ("Charge")[2] relate to his claim that Hudson House discriminated against him based on his sexual orientation, or allege abusive conduct that is not tied to any status that Title VII protects. For example, Irigoyen alleges that a colleague outed him in front of customers and other colleagues by stating, "Luis, I didn't know you were gay," Compl. ¶ 6; that Mark Collins ("Collins"), the restaurant's general manager, yelled and cursed at him over the telephone for not showing up at work; that Collins singled Irigoyen out for serving a customer a drink before ringing the drink in and, while confronting Irigoyen about this failure, "rais[ed] his voice and threaten[ed] to fire [him]," *id*. ¶ 12; that when Collins overheard Irigoyen remind his colleagues to ring in drinks before serving them, Collins slammed the kitchen door open, demanded that Irigoyen come to the kitchen, and berated him in front of the kitchen staff; that Collins then demanded that Irigoyen come into his office, where he continued to berate Irigoyen until Irigoyen cried, and then apologized and gave Irigoyen an unwanted hug; that manager Heather Hudson turned a blind eye to an exchange between Irigoyen and a cook who called Irigoyen "stupid" and a "faggot" and then followed him to the bar while swearing at him and "get[ting] in his face," *id*. ¶ 19; and that, "[i]nstead of addressing the inappropriate behavior of [Irigoyen's] co-workers in 'outing' [Irigoyen] at work and using obscene homophobic slurs against him in the workplace, [Hudson House] instead terminated [Irigoyen] because his sexual orientation was becoming an issue at the restaurant and [he] had complained about these issues to

---

[2]Irigoyen filed the Charge against Hudson House with both the Equal Employment Opportunity Commission and the Texas Workforce Commission.

[Hudson House] management," *id.* ¶ 27.

Irigoyen filed a Charge of Discrimination ("Charge") against Hudson House with both the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, alleging race, color, sex, and sexual orientation discrimination and retaliation. After receiving a Notice of Right to Sue, he filed this lawsuit. Hudson House now moves for judgment on the pleadings under Rule 12(c) as to Irigoyen's race discrimination claim. The court is deciding the motion on the briefs, without oral argument.

II

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III

### A

In pertinent part, Title VII prohibits intentional discrimination by a covered employer "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" 42 U.S.C. § 2000e-2(a).

"Title VII discrimination can be established through direct or circumstantial evidence." *Appel v. Inspire Pharms., Inc.*, 428 Fed. Appx. 279, 281 (5th Cir. 2011) (citation omitted). A supervisor's repeated use of racial epithets, among other things, may constitute direct evidence that a contested employment decision was motivated by racial animus. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). Remarks may serve as evidence of race discrimination if they are (1) race related, (2) proximate in time to the

employment decision, (3) made by an individual with authority over the employment decision, and (4) related to the employment decision. *See Medina v. Ramsey Steel Co.*, 238 F.3d 674, 683 (5th Cir. 2001).

B

Irigoyen has failed to plead a plausible Title VII claim for race discrimination. It is undisputed that Irigoyen is of Hispanic descent and therefore a member of a protected class. But he pleads insufficient facts for the court to draw the reasonable inference that he was a victim of *race* discrimination. On its face, the complaint actually does not allege *any* speech or conduct by Hudson House that tends to demonstrate race-based animus. When describing his termination, Irigoyen alleges that it was "because his *sexual orientation* was becoming an issue at the restaurant"—not because of his *race*. Compl. ¶ 27 (emphasis added).

Irigoyen also generally asserts that Hudson House engaged in "an ongoing pattern and practice of discrimination against those who are not white/Caucasian." *Id.* ¶ 33. But this, too, is a conclusory assertion that is not supported by factual allegations. Thus the court concludes that Irigoyen has not pleaded a plausible claim for race discrimination.

Irigoyen urges the court to consider the allegations in his complaint and the Charge when evaluating the sufficiency of his claim.[3] In particular, he appears to desire to assert that

---

[3]In ruling on a Rule 12(c) motion, the court generally must look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Waller v. Hanlon*, 922 F.3d 590, 600 (5th Cir. 2019); *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998). "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under

his allegation in the Charge that the cook with whom he had an altercation spoke to him in Spanish is direct evidence of racial animus. But the cook's alleged remarks—that Irigoyen was "stupid" and a "faggot"—clearly are not *race*-related. Moreover, Irigoyen does not allege that the cook had any authority over his termination, and he pleads no facts that would permit the court to draw the reasonable inference that Collins or other superiors at Hudson House were influenced by the cook's statements. In fact, there are many equally likely reasons why the cook would have spoken to Irigoyen in Spanish, including that the cook was a Spanish speaker. Thus the fact that the cook spoke to Irigoyen in Spanish is not enough to raise Irigoyen's right to relief on this claim "above the speculative level." *Twombly*, 550 U.S. at 555.

Accordingly, Hudson House's partial motion for judgment on the pleadings with respect to Irigoyen's Title VII race discrimination claim is granted.

---

Rule 56." Rule 12(d). "But uncontested documents referred to in the pleadings may be considered by the Court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 550 F.Supp.3d 364, 370 (E.D. La. 2021) (citing *Great Plains Tr. Co.*, 313 F.3d at 313). Furthermore, "[e]ven [if an] EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially [if] its authenticity is uncontested." *King v. Life Sch.*, 809 F.Supp.2d 572, 579 n.1 (N.D. Tex. 2011) (Ramirez, J.) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). Here, Irigoyen refers to his Charge in the complaint, but he neglected to attach the Charge to the complaint as an exhibit. He did, however, attach the Charge as an exhibit to his response to this motion. Because Irigoyen's Charge is both a matter of public record and an uncontested document referred to in the pleadings, the court can consider the allegations contained within it when deciding this motion.

IV

Although the court is granting Hudson House's motion, it will permit Irigoyen to replead.

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (alteration omitted) (quoting *Great Plains Tr. Co.*, 313 F.3d at 329). It is not clear that the defects in Irigoyen's race discrimination claim are incurable, and Irigoyen has not advised the court that he is unwilling or unable to amend in a manner that will avoid dismissal.

\*   \*   \*

The court grants Hudson House's partial motion for judgment on the pleadings and also grants Irigoyen leave to file a first amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

October 24, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE